UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILLAINS, INC., *et al.*, | No. C-12-0828 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION TO REMAND; AND GRANTING DEFENDANTS' MOTION TO DISMISS** |
| AMERICAN ECONOMY INSURANCE COMPANY, *et al.*, | |
| Defendants. | **(Docket Nos. 8, 15)** |
| _____/ | |

Plaintiffs Villains, Inc. and David Engel have filed an insurance action against Defendants American Economy Insurance Company, Safeco Insurance Company of America, Liberty Mutual Insurance Company, LBC International, and Robert M. Salata. Plaintiffs have asserted the following claims for relief: breach of contract, breach of the implied covenant of good faith and fair dealing, aiding and abetting, and declaratory relief. Currently pending before the Court are (1) Plaintiffs' motion to remand and (2) a motion to dismiss filed by two of the defendants in the case, namely, Safeco and Liberty Mutual. Having considered the parties' briefs and the oral argument of counsel, the Court hereby **DENIES** the motion to remand and **GRANTS** the motion to dismiss.

## I.   FACTUAL & PROCEDURAL BACKGROUND

In their complaint, Plaintiffs allege as follows. Plaintiffs, the owners of a business located at 1672 Haight Street, San Francisco, California, purchased an insurance policy from American Economy, Safeco, and Liberty Mutual. *See* Compl. ¶¶ 1, 8. "On December 22, 2009, while the insurance policy was in effect, a fire damaged the insured property and interrupted the store's

business." Compl. ¶ 9. Plaintiffs submitted a claim for fire loss to the insurance companies. *See* Compl. ¶ 10. The insurance companies hired LBC and Mr. Salata, an accounting company and a CPA, to determine the amount to pay Plaintiffs. *See* Compl. ¶¶ 5,6, 46, 50.

Plaintiffs' main claims against the insurance companies – *i.e.*, American Economy, Safeco, and Liberty Mutual – are for breach of contract and breach of the implied covenant of good faith and fair dealing. According to Plaintiffs, American Economy, Safeco, and Liberty Mutual breached the insurance policy by failing to pay Plaintiffs for all of the costs, damage, and so forth covered by the contract. *See* Compl. ¶¶ 14-15. Plaintiffs further claim that American Economy, Safeco, and Liberty Mutual breached the implied covenant of good faith and fair dealing by, *inter alia*, falsely understating the extent of damage, falsely claiming the need for financial documents from Plaintiffs, improperly delaying payment of certain benefits, and improperly refusing to pay certain benefits. *See* Compl. ¶¶ 33-40.

Plaintiffs' sole claim against LBC and Mr. Salata is for aiding and abetting the insurance companies' breach of the implied covenant of good faith and fair dealing. More specifically, Plaintiffs allege that LBC and Mr. Salata aided and abetted the insurance companies "in their plan to unreasonably withhold policy benefits, by using their experience and expertise to deprive the plaintiffs of benefits under the policy of insurance and thereby to maintain their mutually beneficial relationship with [the insurance companies] so that they would continue to earn professional fees." Compl. ¶ 52.

Currently pending before the Court are two motions: (1) Plaintiffs' motion to remand and (2) Safeco and Liberty Mutual's motion to dismiss. Plaintiffs have moved to remand, arguing that they have a viable claim against LBC and Mr. Salata, that LBC and Mr. Salata are citizens of California, and that therefore there is no diversity jurisdiction. Safeco and Liberty Mutual have moved to dismiss, asserting that they are not parties to the insurance contract. Because the Court must have subject matter jurisdiction in order to entertain the motion to dismiss, Plaintiffs' motion to remand is addressed first.

///

///

## III. DISCUSSION

### A. Plaintiffs' Motion to Remand

#### 1. Legal Standard

A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. However, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and that the court resolves all ambiguity in favor of remand to state court.

*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

#### 2. Fraudulent Joinder

In the instant case, the insurance companies argue that removal is proper because there is diversity jurisdiction once the citizenships of LBC and Mr. Salata are disregarded. According to the insurance companies, the Court should disregard the citizenships of LBC and Mr. Salata because these defendants were fraudulently joined to the lawsuit. The Ninth Circuit has specified that "[j]oinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotation marks omitted); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (stating that, "[i]n light of [plaintiff's] own admission, it is abundantly obvious that she could not possibly prevail on her negligent misrepresentation claim against Consultants"); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (stating that, "[t]o prove their allegation of fraudulent joinder [the defendants] must demonstrate that there is no possibility that Dodson would be able to establish a cause of action against them in state court"). Or, as stated in the Moore's treatise, "[j]oinder will not be deemed fraudulent unless there clearly can be no recovery under state law on the cause alleged or on the facts as they exist when the petition to remand is heard." 15-102 Moore's Federal Practice – Civ. § 102.21[5][a].

#### 3. Aiding and Abetting

The only claim against LBC and Mr. Salata is the claim for aiding and abetting. More specifically, Plaintiffs charge LBC and Mr. Salata with aiding and abetting the insurance companies

3

in breaching the implied covenant of good faith and fair dealing.  The insurance companies argue that this claim clearly is not viable.

In evaluating this argument, the Court begins by noting that Plaintiffs are *not* making a claim for conspiracy – rather, they are asserting only a claim for aiding and abetting.  Thus, California case law holding that a party cannot be held liable for conspiracy to breach a duty if it is not subject to that duty in the first place, *see 1-800 Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568, 592 (2003), is arguably not on point.  Moreover, in *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003), the court noted that, "[u]nder California law, . . . a cause of action [for aiding and abetting] does not require that the aider and abettor owe plaintiff a duty so long as it knows the primary wrongdoer's conduct constitutes a breach of duty, and it substantially assists that breach of duty." *Id.* at 1127; *see also Cassel v. Globerson (In re Kolb)*, No. 97-32321, 2007 Bankr. LEXIS 1896, at *46-47 (N.D. Cal. May 29, 2007) (stating that "[t]he differences between conspiracy and aiding and abetting are not merely semantic" and that "[t]hese differences have led several courts [including the court in *Neilson*] to recognize that a non-fiduciary can aid and abet a breach of fiduciary duty"); *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 n.2 (2005) (relying on *Neilson* in "reject[ing] the bank's attempt to overlay the civil conspiracy 'independent duty' requirement onto an aiding and abetting claim").

The problem for Plaintiffs is that, even if the Court were to agree with *Neilson* and its progeny, Plaintiffs must still overcome the agency immunity rule in order to have a viable claim against LBC and Mr. Salata.  The agency immunity rule typically comes into play in the conspiracy context, more specifically, when a plaintiff alleges that an agent of a corporation conspired with the corporation against the plaintiff.  The rule provides that the agent is, in effect, immune from liability because "a corporation cannot conspire with itself" – *i.e.*, "an agent or employee who is acting within the scope of his authority is (in the eyes of the law) one and the same 'person' as the corporation." *Everest Investors 8 v. Whitehall Real Estate P'ship XI*, 100 Cal. App. 4th 1102, 1108 (2002).

While the agency immunity rule often arises in the conspiracy context, it is equally applicable where the theory of liability is aiding and abetting.  That is, just as a principal cannot

4

conspire with itself, a principal cannot aid and abet itself. *See Berg & Berg Enters., LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 835 (2005) (noting that the agency immunity rule protects employees and agents of a principal against the imposition of vicarious liability for aiding and abetting or conspiracy). Thus, Plaintiffs' position that LBC and Mr. Salata aided and abetted the insurance companies is problematic. LBC and Mr. Salata were the insurance companies' agents, and it is impossible for the insurance companies to have aided and abetted themselves.

In their papers, Plaintiffs point out that there is an exception to the agency immunity rule, more specifically, when the agent's conduct is undertaken in pursuit of a personal interest or advantage and not solely on behalf of the principal. *See Doctor's Co. v. Superior Court*, 49 Cal. 3d 39, 47 (1989); *1-800 Contacts*, 107 Cal. App. 4th at 592. As an example of this exception, the California Supreme Court has pointed to *Black v. Sullivan*, 48 Cal. App. 3d 557 (1975). *See Doctor's*, 49 Cal. 3d at 46-47. In *Black*,

> the trustors under a deed of trust sued the trust beneficiaries for failing to provide a statement of balance due, as required by Civil Code section 2943, thereby destroying the trustors' opportunity to complete an escrow contract for a profitable sale of the property. Also joined as defendants were the beneficiaries' attorneys, who had taken assignments of the beneficiaries' interests as security for loans and for past and future attorney's fees. The attorneys therefore had a personal interest, apart from that of their clients, in regaining the property (which had increased in value) by preventing its sale by the plaintiffs.

*Id.*

Although Plaintiffs have invoked the above exception to the agency immunity rule, the allegations in their complaint are insufficient to establish the exception's viability. In their complaint, Plaintiffs allege that:

- LBC and Mr. Salata "had a long-standing and an ongoing business relationship with Safeco, American Economy, [and] Liberty Mutual . . . in which they would determine an amount to pay policyholders for the policyholder's loss of income and continuing expense claims," Compl. ¶ 46; and

- LBC and Mr. Salata "earned all of their income from insurance companies by figuring out an amount of money to pay for the loss of income and continuing expenses sustained by Safeco's, American Economy's, and Liberty Mutual's . . . policyholders." Compl. ¶ 48.

5

1     The problem for Plaintiffs is that

> the cases discussing the exception to the agent's immunity rule demonstrate that merely receiving monetary compensation for its services to the principal is not enough. As stated in *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131 Cal. App. 4th 802, 834, "[c]ases have interpreted the 'financial advantage' exception to the agent's immunity rule to mean a personal advantage or gain that is over and above ordinary professional fees earned as compensation for performance of the agency." *Berg & Berg i*nvolved a statutory provision with exceptions that allowed a conspiracy claim against an attorney; the exceptions mirrored those carved out from the agent's immunity rule. The court held the term " 'in furtherance of the attorney's financial gain' " meant that "through the conspiracy, the attorney derived economic advantage over and above monetary compensation received in exchange for professional services actually rendered on behalf of a client." Even allegations of excessive billing for the services rendered by the attorney did not satisfy the financial gain requirement of the statute's exception.

*Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1606 (2009). Here, LBC and Mr. Salata's income that constitutes the putative financial advantage derived entirely from the agency relationship, not from some extrinsic source. S*ee Cooper v. Equity Gen. Ins. Co.*, 219 Cal. App. 3d 1252, 1260 (1990) (noting that, in *Black v. Sullivan*, 48 Cal. App. 3d at 567 – the case on which the *Doctor's* court relied – the financial gain of the attorneys, who "had a beneficial interest in the deed of trust which was the subject of the litigation," "was from the enhancement of their property interest, not from fees generated by their work as agents of their clients"); *Berg & Berg*, 131 Cal. App. 4th at 834 (noting the same; emphasizing that the attorneys in *Black v. Sullivan* "had a personal interest, separate and apart from their client's, in preventing the sale of the property in question").

    The Court also notes that there is nothing to indicate that LBC and Mr. Salata received a "cut" from the insurance companies based on the monies that they did not pay out to Plaintiffs. *Cf. Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005) (noting that the plaintiff did not "allege[] that the individual defendants here misappropriated to themselves, as individuals for their individual advantage, the unpaid wages he alleges his former employer owes him[;] [h]e alleges, rather, that they 'caused the wages to be withheld by and in the accounts of the corporate defendants for the Defendants' collective benefit'").

    Because Plaintiffs' complaint does not contain adequate allegations to implicate the exception to the agency immunity rule, there is no reason to consider LBC and Mr. Salata as

1 separate from the insurance companies and therefore it is clear that there is no viable aiding and
2 abetting claim. The joinder of LBC and Mr. Salata is therefore fraudulent and their citizenship may
3 be disregarded. Plaintiffs' motion to remand for lack of diversity jurisdiction is accordingly denied.

B. <u>Defendants' Motion to Dismiss</u>

1. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

2. <u>Insurer</u>

In the instant case, only Safeco and Liberty Mutual have moved for dismissal. Safeco and Liberty Mutual argue that dismissal is warranted because, even though Plaintiffs have alleged that they, along with American Economy, issued the insurance policy to Plaintiffs, the contract shows that only American Economy is a party to the agreement. Safeco and Liberty Mutual point out that, if they were not parties to the contract, then they cannot be held liable for any of the causes of action (breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief) because each depends on their being parties to the agreement.

Pursuant to a request by the Court, the insurance companies submitted what appears to be a complete copy of the insurance policy at issue. Having considered the policy, the authenticity of which is not disputed and which comprises a document referred to in the complaint, the Court finds that, at this juncture in the proceedings, there is an insufficient basis for Plaintiffs to assert that either Safeco or Liberty Mutual was a party to the contract. While the name "Safeco Insurance" appears on some of the pages, nowhere on the document is there the name of the specific Safeco entity named as the defendant (*i.e.*, Safeco Insurance Company of America). Similarly, the Liberty Mutual defendant's name (*i.e.*, Liberty Mutual Insurance Company) appears nowhere in the contract. At best, the policy states that another company, Golden Eagle Insurance, is a member of "Liberty Mutual Group."[1]

Accordingly, the Court grants Safeco and Liberty Mutual's motion to dismiss. The dismissal, however, is without prejudice. Furthermore, the Court shall permit Plaintiffs to take reasonable, limited, and narrowly tailored discovery to determine whether Safeco and/or Liberty Mutual can be held liable with respect to the insurance contract or Plaintiffs' insurance claim. *See Jones v. AIG Risk Mgmt.*, 726 F. Supp. 2d 1049, 1055 (N.D. Cal. 2010) (adopting a similar approach – *i.e.*, dismissing companies as defendants but allowing plaintiff to take limited discovery as to the roles the companies may have played vis-à-vis the insurance contract at issue or the plaintiff's insurance claim).

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion to remand and grants the insurance companies' motion to dismiss. The dismissal is without prejudice.

This order disposes of Docket Nos. 8 and 15.

IT IS SO ORDERED.

Dated: April 30, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[1] Likewise, a different Liberty Mutual entity (*i.e.*, Liberty Mutual Agency Corporation) is identified in a letter submitted by Plaintiffs. That letter, of course, is outside the pleadings.